IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID ANDREW RENSON,                §
TDCJ-CID NO.858520,                 §
              Plaintiff,            §
                                    §
v.                                  §        CIVIL ACTION H-05-1725
                                    §
P.A. W. DIXON,                      §
              Defendant.            §

<u>OPINION ON DISMISSAL</u>

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint on February 4, 2005, against numerous defendants for violation of his civil rights under 42 U.S.C. § 1983. (Docket Entry No.1). The United States District Court for the Eastern District of Texas, Tyler Division, severed plaintiff's claims against P.A. W. Dixon from the case and transferred them to this Court. (Docket Entry No.11). On June 8, this Court ordered plaintiff to file a more definite statement of his claims against defendant Dixon. (Docket Entry No.13). Plaintiff has complied with the Court's order. (Docket Entry No.14). For the reasons to follow, the Court will dismiss plaintiff's complaint against Dixon.

<u>Discussion</u>

In §1983 cases, federal courts apply the forum state's general personal injury limitations, *Burrell v. Newsom*, 883 F.2d 416, 418 (5th Cir. 1989), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002).

The accrual of a cause of action under §1983 is determined by reference to federal law. *Burrell*, 883 F.2d at 418; *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). Under the federal standard, "the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Listi*, 611 F.2d at 1131 (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). The cause of action accrues when "the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury" or "has reason to know" this information. *Id.* "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Pitotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "[A] plaintiff need not have actual knowledge if the circumstances would lead  reasonable person to investigate further." *Id.*

Plaintiff indicates that he saw P.A. W. Dixon sometime in February of 2000 but he is not sure because he saw two people at that time. Plaintiff complains that Dixon did not fully examine him at the Diagnostic Center on the Byrd Unit because Dixon did not have plaintiff's medical records. (Docket Entry No.14). Dixon sent plaintiff on his way without telling plaintiff of his findings or recommendations. (*Id.*). Approximately a year later, plaintiff was on the Byrd Unit for forty-five days but was not seen by any medical personnel. (*Id.*). Plaintiff indicates that he did not file a grievance against Dixon because he did not know that he needed to and he does not know how to file a grievance. (*Id.*). Plaintiff complains that because of Dixon's inadequate examination or his failure to examine plaintiff fully, plaintiff was denied the opportunity to participate in the Mental Retarded Offenders' Program in Rusk, Texas, or some other place of treatment. (*Id.*).

2

From this record, the Court concludes that plaintiff was aware of the critical facts and who inflicted the alleged unconstitutional injuries in 2002, when Dixon allegedly examined plaintiff without his medical records.  Yet plaintiff filed this complaint in 2005, months, if not a year after the cause of action accrued.  Therefore, limitations bar his claims.

Even if limitations did not bar his claim, plaintiff concedes that he did not exhaust his administrative remedies by filing grievances against Dixon.  Section 1997(e) of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e); *Booth v. Churner*, 532 U.S. 731 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  Accordingly, plaintiff's claim against Dixon is also barred for failure to exhaust his administrative remedies.

The district court may dismiss an action *sua sponte* if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  Because plaintiff's claim lacks an arguable basis in law, the Court will dismiss his claim against P.A. W. Dixon.

Conclusion

3

Based on the foregoing, the Court ORDERS this complaint (Docket Entry No.1) be DISMISSED under 28 U.S.C. §1915(e)(2)(B) as frivolous.  All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to all parties, to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention:  Betty Parker.

SIGNED at Houston, Texas, on this 1st day of September, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE